UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
FEDERAL NATIONAL MORTAGE ASSOCIATION,  :
:
Plaintiff,  :
:                             **MEMORANDUM & ORDER**
-against-  :                             24-cv-2868 (DLI)(LKE)
:
245 SULLIVAN AVE LLC, MOSES NEUMAN, SOLOMON  :
STEINMETZ, the NEW YORK CITY ENVIRONMENTAL  :
CONTROL BOARD and JOHN DOE #1 THROUGH JOHN  :
DOE #40, inclusive, the names of the last 40 defendants being  :
fictitious, the true names of said defendants being unknown to  :
plaintiff, it being intended to designate any occupants or tenants  :
of the mortgaged premises who are in default in the payment of  :
rent for which a proceeding is now pending by the mortgagor  :
and/or other persons or parties having or claiming an interest in  :
or lien upon the mortgaged premises subordinate to that of the  :
mortgagee, if the aforesaid individual defendants are living, and  :
if any or all of said individual defendants be dead, their heirs at  :
law, next of kin, distributes, executors, administrators, trustees,  :
committees, devisees, legatees and the assignees, lienors,  :
creditors, successors in interest of them, and generally all  :
persons having or claiming under, by, through or against the  :
said defendants named as a class, any right, title or interest in or  :
lien upon the premises described in the complaint herein,  :
:
Defendants.  :
----------------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

On April 17, 2024, Federal National Mortgage Association ("Plaintiff") initiated this foreclosure action against 245 Sullivan Ave LLC ("245 Sullivan"), Moses Neuman, Solomon Steinmetz, the New York City Environmental Control Board, and John Does #1-40 (collectively, "Defendants").[1] Compl., Dkt. Entry No. 1. Plaintiff seeks to foreclose on Defendants' mortgage

---

[1] Defendants John Does #1-40 are unknown individuals or entities joined because Plaintiff believes they "may be tenants and persons in possession of the Property or have some interest in and to the Property . . . inferior and subordinate to that of Plaintiff or may be persons who hold or have collected the rents, issues and profits relating to or arising from the Property." Compl. ¶ 9.

on an apartment building located at 245 Sullivan Avenue, Brooklyn, New York ("Property"). Compl. ¶ 1. On June 14, 2024, Defendants 245 Sullivan, Mr. Neuman, and Mr. Steinmetz (the "245 Sullivan Defendants") answered the Complaint, asserting affirmative defenses and a counterclaim. Answer and Counterclaim, Dkt. Entry No. 17 ("Counterclaim"). The Counterclaim seeks rescission of a Multifamily Loan and Security Agreement ("Loan Agreement") between 245 Sullivan and Plaintiff's predecessor mortgagee, Greystone Servicing Company LLC ("Greystone") due to alleged mutual mistake. Counterclaim ¶¶ 40-46. Notably, the 245 Sullivan Defendants also plead mutual mistake as an affirmative defense. *Id.*

Plaintiff moved to dismiss the Counterclaim arguing that it fails to: (1) plead mistake with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure ("Rules"); and (2) state a claim pursuant to Rule 12(b)(6). Mot. Dismiss, Dkt. Entry No. 25. Defendants opposed the motion. Opp'n, Dkt. Entry No. 29. Plaintiff replied. Reply, Dkt. Entry No. 31. For the reasons set forth below, Plaintiff's motion to dismiss the Counterclaim is granted.

## **BACKGROUND**[2]

In 2015, the 245 Sullivan Defendants purchased the Property, which was comprised of "seriously deteriorated" rent stabilized units. Counterclaim ¶ 40. According to the Counterclaim, they could afford to purchase and renovate the Property only if the Division of Housing and Community Renewal of the New York State Homes and Community Renewal agency ("DHCR") exempted it from rent regulation. *Id.* ¶ 41. As such, 245 Sullivan applied to DHCR for the exemption representing that the Property would be "substantially rehabilitated." *Id*. Defendants

---

[2] The facts below are taken from the Complaint and Counterclaim and any incorporated documents of which Plaintiffs should be aware or should possess. They are accepted as true as required at this stage of the case. . *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).

2

allegedly were "assured by those assisting with the [exemption] application . . . that the application would be approved by DHCR." *Id.*

The 245 Sullivan Defendants purportedly substantially rehabilitated the Property and, based on the alleged assurances from unnamed individuals, executed leases with new tenants at market rates significantly higher than the rent stabilized rates. *Id.* 245 Sullivan also applied to Greystone for a mortgage in the amount of $10,725,000.00 and provided Greystone with the Property's income projections based on the new market rent rates. *Id.* ¶ 42. Greystone approved the loan application, allegedly "kn[owing] that [245 Sullivan] would only be capable of making the monthly debt service payments on the Loan Agreement if [its] application to [DHCR] was approved and the tenants continued paying rent at the agreed upon market rate." *Id.*

DHCR then denied 245 Sullivan's exemption application and advised the Property's tenants that their rent obligations would be reduced in accord with "rent stabilization guidelines." *Id.* ¶ 44. This "drastic decrease in rental income" caused 245 Sullivan to cease its mortgage payments. *Id.* ¶ 45. This litigation ensued.

## **LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint or counterclaim must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the claimant's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citation omitted).

3

Nevertheless, "threadbare recitals of the elements of a cause of action" supported by "conclusory" statements and mere speculation are inadequate claims subject to dismissal. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See, Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint [or counterclaim] is inapplicable to legal conclusions.").

For claims of mistake, Rule 9(b) builds on Rule 12(b)(6) and establishes heightened pleading standards. In particular, Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. Rule 9(b). However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* "[A]llegations . . . which fail to specify the time, place, speaker, and sometimes even the content of the alleged misrepresentations, lack the 'particulars' required by Rule 9(b)." *Luce v. Edelstein*, 802 F.2d 49, 54 (2d Cir. 1986); *See also*, *Mills v. Everest Reinsurance Co.*, 410 F. Supp.2d 243, 248 (S.D.N.Y. 2006) (applying this standard to a claim of mutual mistake). The purpose of Rule 9(b) is to "afford defendant[s] fair notice of [claimant's] claim and the factual ground upon which it is based." *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990).

## DISCUSSION

The seven paragraph Counterclaim rests on just two factual allegations: (1) Greystone approved the Loan Agreement "based on the income projections of the Property with the market rate rental payments"; and (2) Greystone knew that it "would only be capable of making the monthly debt service payments on the Loan Agreement if [245 Sullivan's] application to have the Mortgage Property exempted from rent regulation was approved and the tenants continued paying rent at the agreed upon market rate." Counterclaim ¶ 42.

This Counterclaim lacks the "particularity" required by Rule 9(b). While baldly stating that 245 Sullivan received "assurances," the Counterclaim does not allege when or from whom they received assurances about their rent stabilization exemption or that Greystone was so informed. Moreover, the allegation that they "were assured by *those assisting with the application*" is vague. *Id.* at ¶ 41 (emphasis added). The Counterclaim does not specify to whom this refers, which could include 245 Sullivan's own advisors as opposed to DHCR or any other entity or person. The 245 Sullivan Defendants do not specify when they applied for the Loan Agreement, when it was approved, or when DHCR denied their application. Moreover, to the extent that they intended to allege that DHCR employees *did* make the alleged assurances, the Counterclaim contains no specific information regarding those assurances. In fact, it is so barebones that the very nature of the purported mutual mistake is unclear. Accordingly, the Court finds that the 245 Sullivan Defendants failed to plead facts with the required specificity to comply with Rule 9(b). *See*, *Luce*, 802 F.2d at 54-55 (dismissing claims pursuant to 9(b) where plaintiffs failed to state details or particular facts to support their allegations).

Even if the 245 Sullivan Defendants had met Rule 9(b)'s heightened pleading standard, they failed to state a claim for rescission based on mutual mistake that satisfies Rule 12(b)(6). Under New York law, "an agreement may be subject to rescission . . . based on a mutual mistake by the parties." *Simkin v. Blank*, 19 N.Y.3d 46, 52 (2012). "A 'mutual mistake' occurs when 'both . . . parties to a bilateral transaction share the same erroneous belief and their acts do not in fact accomplish their mutual intent.'" *Creative Waste Mgmt., Inc. v. Capitol Env't Servs., Inc.*, 429 F. Supp.2d 582, 608 (S.D.N.Y.), *supplemented*, 458 F. Supp.2d 178 (S.D.N.Y. 2006) (quoting *Healy v. Rich Prods. Corp.*, 981 F.2d 68, 73 (2d Cir. 1992)) (quoting 21 N.Y. Jur.2d Contracts § 121 (1982)). To support rescission, the mutual mistake "must be so material that it goes to the

5

foundation of the agreement." *BP Prods. N. Am. Inc. v. Blue Hills Fuels, LLC*, 2022 WL 16540804, at *4 (S.D.N.Y. Oct. 28, 2022) (quoting *Simkin*, 19 N.Y. 3d at 52) (internal quotations omitted). Therefore, court ordered relief is appropriate only in "exceptional situations." *Id.* (quoting *Da Silva v. Musso*, 53 N.Y.2d 543, 552 (1981)).

As stated above, the Counterclaim does not identify explicitly the purported mutual mistake, let alone clarify how such a mistake meets the remaining elements of the claim. Defendants do not allege that Greystone was aware of the alleged assurances. Therefore, mutual mistake only could be plausible if the facts alleged showed that, at the time they entered into the Loan Agreement, both parties believed: (1) Defendants' exemption application would be granted, or (2) market rate rents would remain in place. However, either alleged mistake would be merely an "erroneous 'prediction or judgment as to events to occur in the future,'" which "does not, as a matter of [New York] law, constitute a mutual mistake." *E.g.*, *Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, 2021 WL 3668092, at *14 (S.D.N.Y. Aug. 17, 2021) (quoting *Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc.*, 723 F. Supp. 976, 991 (S.D.N.Y. 1989)).

## CONCLUSION

For the reasons stated above, Plaintiff's motion to dismiss Defendant's Counterclaim is granted without prejudice.[3]

SO ORDERED.

Dated: Brooklyn, New York
       March 18, 2025

                                          /s/
                                   _____
                                   DORA L. IRIZARRY
                                   United States District Judge

---

[3] As stated above, the 245 Sullivan Defendants plead rescission based on mutual mistake as both an affirmative defense and a counterclaim. Here, while the Counterclaim is dismissed, the affirmative defense remains. Fed. R. Civ. P. Rule 12(f).